NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2021
Decided July 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2939

| | |
|---|---|
| STANLEY J. VROOMAN, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-CV-1452-SCD |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br> *Defendant-Appellee*. | Stephen C. Dries, *Magistrate Judge*. |

## O R D E R

Stanley Vrooman applied for Social Security disability benefits based in part on left hip pain, back pain, and dizziness. Now 55 years old, Vrooman fell from a roof while working as a cable installation technician in 2011. He fractured his pelvis, right arm, and back vertebrae, and had surgery to repair the pelvic and arm fractures. In 2014, he had surgery to remove hardware that was placed in his left sacroiliac (hip) joint during the 2011 surgery. This improved his pain, but only temporarily; it then worsened and was later accompanied by dizziness. Imaging tests from late 2014 showed post-traumatic degenerative changes in Vrooman's left sacroiliac joint and pelvis and lesions in his lower spine. Dr. Mark England, a physical health and

rehabilitation specialist, treated Vrooman for back, pelvic, left leg, and left foot pain. He prescribed varying doses of three pain medications and periodically gave Vrooman trigger-point injections. Vrooman also saw a physical therapist for his dizziness, and a pain management specialist for his hip and back pain, who prescribed two more pain medications; one provided some relief. In late 2015 through early 2016 Vrooman did some part-time work as a cashier but had difficulty with prolonged sitting or standing.

On a form in support of Vrooman's initial application for disability benefits in 2017, Dr. England opined that Vrooman could stand for 20 to 30 minutes at a time, sit upright for less than an hour at a time, and needed to lie down during the day. He further stated that Vrooman could do sedentary work if allowed to change position every half hour to hour and to take breaks every one to two hours. Two non-examining agency physicians who reviewed Vrooman's records opined that he could sit for up to six hours out of an eight-hour workday and could stand or walk for either six or four hours in an eight-hour workday. Vrooman himself said at his hearing before an administrative law judge that he could sit for only 15 to 20 minutes before he had to move around or lie down; he thought he could do a "sitdown" job with the option of standing as often as needed for only a "very limited amount of hours per day."

The ALJ asked a vocational expert to consider a hypothetical person with Vrooman's age, education, and work history, and with various physical limitations, who could perform light or sedentary work "sitting 6 hours; standing 6 hours; walking 6 hours out of an 8-hour day" and who would "require a sit/stand option at will as long as the individual is not off task or away from the workplace." The expert opined that this person could perform Vrooman's past work as a customer complaint clerk, but not if he would be off-task "for at least 20 percent of the time due to the need for position changing and just dealing with overall pain."

The ALJ found that Vrooman could perform sedentary work, with the limitations posited to the vocational expert, and therefore was not disabled. The district judge affirmed the denial of benefits. We will do the same so long as the ALJ applied the correct legal standards and supported the conclusion with substantial evidence. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). Not a high bar, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (internal citations omitted).

Vrooman first contends that the ALJ erred by not fully crediting his testimony about the limiting effects of his pain. But the ALJ's credibility determination was not "patently wrong," *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018), and the record

contains sufficient support for the ALJ's conclusion that Vrooman's subjective reports were not entirely consistent with the other evidence. The ALJ cited Vrooman's normal examinations and overall unremarkable findings from imaging tests. The severity of pain cannot be demonstrated by objective medical evidence, but what the ALJ did here is consistent with the legal requirements. *See Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002). The ALJ acknowledged Vrooman's complaints of ongoing and severe pain and then explained that the record showed that he had generally stable conditions with pain that improved with medication. The ALJ further observed that Vrooman had worked, albeit through pain, during the period of his alleged disability, implying that his pain was not disabling. *See id*. Although some evidence corroborated Vrooman's testimony, he has not shown that the ALJ was obligated to accept it as conclusive.

To that point, Vrooman also argues on appeal that the ALJ should have given Dr. England's 2017 opinion controlling weight because he is a treating physician and specialist. *See* 20 C.F.R. § 404.1527(c). But here the ALJ was presented with conflicting medical opinions—Dr. England and the state agency consultants all disagreed about the extent of Vrooman's limitations with sitting and standing—and so the ALJ had "the duty to resolve that conflict." *Richardson v. Perales*, 402 U.S. 389, 399 (1971). After discussing the medical records and other evidence, the ALJ reasonably concluded that the record supported most, but not all, of Dr. England's suggested restrictions. She credited his opinion that Vrooman could sit or stand for only 20 to 30 minutes at a time and needed frequent changes of position but found his opinion that Vrooman could not sit for six hours "not consistent" with the evidence. At the same time, contrary to the opinions of the state agency doctors, the ALJ found that Vrooman needed to change positions at will, not just occasionally, and could stand or walk for two hours a day, not six or four hours, as the consultants suggested. Even if reasonable minds could differ on the weight to give the conflicting records, we will not substitute the ALJ's judgment with our own. *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020); *Donahue*, 279 F.3d at 444.

Vrooman's other arguments are covered by the district court's opinion and do not require separate discussion here.

AFFIRMED